**Joan MILKSON on Behalf of John MILKSON, Plaintiff,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CV–84–2111.**

United States District Court, E.D. New York.

Jan. 8, 1986.

---

Joan Milkson, pro se.

Igou M. Allbray, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

This is an action brought by Joan Milkson on behalf of John Milkson against the Secretary of the Department of Health and Human Services of the United States under § 1869(b) of the Social Security Act 42 U.S.C. § 1395ff(b), to review a final decision of the Secretary denying payment of benefits to John Milkson under the hospital insurance portion of the federal program of health insurance for the aged and disabled (Medicare Part A). The action is now before the Court on defendant's motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings.

While visiting his daughter in Ottawa, Canada, John Milkson fractured his hip. He was treated at Riverside Hospital of Attawa from May 12, 1982, through May 21, 1982. Upon his May 21, 1982 discharge from that hospital, Mr. Milkson returned to his daughter's home for a period of conva-

lescence and later returned to his residence in the United States. Defendant contends that Mr. Milkson was apparently aware that he was not Medicare-covered while in Canada since he secured Ontario Blue Cross Visitor's Insurance during his stay there.

On August 27, 1982, Mr. Milkson's request for reimbursement under the Medicare program was denied on the ground that the services in question had been delivered in Canada under circumstances that did not provide for coverage. This decision was affirmed on reconsideration. At his request, a hearing was held on March 30, 1982. The Administrative Law Judge ("ALJ") considered the matter *de novo*, and on July 28, 1983, issued a decision denying benefits. The Appeals Council issued a decision on February 7, 1984, affirming the ALJ's decision denying benefits. On May 9, 1984, the Appeals council retroactively granted an extension of time to file a civil action through May 11, 1984, the date on which this action was filed.

For the following reasons the Secretary's decision is affirmed. As a general matter, payment for services under Medicare Part A (insurance against the cost of hospital care) may be made only to providers of services that are qualified to participate in the Medicare program and have filed an agreement with the Secretary pursuant to 42 U.S.C. § 1395cc. 42 C.F.R. § 405.150. However, in certain circumstances, payment may be made from emergency services delivered in a non-participating hospital located outside the United States. 42 U.S.C. § 1395f(f)(2). For such payment to be made under the statute and regulations, (1) the individual must have been, at the time the emergency occurred, either: (i) physically within the United States or (ii) in Canada while traveling without undue delay between Alaska and another state, and (2) the hospital must have been substantially more accessible than the nearest adequate hospital in the United States.

It is not disputed by defendant that Mr. Milkson's treatment constituted emergency

inpatient hospital services within the meaning of 42 U.S.C. § 1395f(f)(2). *See* 42 C.F.R. § 405.152(b). However, Mr. Milkson clearly did not meet the other requirements of § 1395f(f)(2). He was neither physically present in the United States nor traveling without undue delay between Alaska and another state at the time the emergency occurred. Rather, he was visiting his daughter in Canada.

Plaintiff argues that 42 U.S.C. § 1395 and its implementing regulations, which limit the circumstances under which payment may be made for emergency medical treatment outside the United States, unconstitutionally infringe on the right to travel. In *Califano v. Aznavorian,* 439 U.S. 170, 99 S.Ct. 471, 58 L.Ed.2d 435 (1978), however, the Supreme Court rejected an argument very similar to that of plaintiff in the present case. In *Aznavorian,* the Court found that the federal law denying SSI benefits to individuals who remain outside the United States for more than 30 days is constitutional. The Court concluded that the case involved "legislation providing governmental payments of monetary benefits that has an incidental effect on a protected liberty.[1] *Id.* at 177, 99 S.Ct. at 475. In such a situation, the provision need only be rationally based. *Id.* at 178, 99 S.Ct. at 475–76.

Thus, in the present case, Congress may place limits on the payment of benefits for emergency medical treatment outside the United States because of the difficulties of administering and monitoring medical services abroad and a decision that Medicare funds be spent in the United States. (These are analagous to the "rationally related" purposes found in *Aznavorian, id.*

at 178, 99 S.Ct. at 475–76.) These justifications are not compelling, but they do appear to be rationally based. Therefore, the Secretary's decision denying benefits must be affirmed.

Accordingly, for the reasons stated above, defendant's motion for judgment on the pleadings is granted.

The Clerk is directed to enter judgment dismissing the complaint and to mail a copy of the within to all parties.

SO ORDERED.

---

1. The Court noted that there is an important constitutional distinction between the freedom to travel internationally and the right of interstate travel:

   " 'The constitutional right of interstate travel is virtually unqualified, *United States v. Guest,* 383 U.S. 745, 757–58 [86 S.Ct. 1170, 1177–78, 16 L.Ed.2d 239] (1966); *Griffin v. Breckenridge,* 403 U.S. 88, 105–06 [91 S.Ct. 1790, 1799–1801, 29 L.Ed.2d 338] (1971). By contrast the "right" of international travel has been considered to be no more than an aspect of the "liberty" protected by the Due Process Clause of the Fifth Amendment. As such this "right," the Court has held, can be regulated within the bounds of due process.' *Califano v. Torres,* 435 U.S. 1, 14 n. 6 [98 S.Ct. 906, 908 n. 6, 55 L.Ed.2d 65]." *Aznavorian, supra* at 176, 99 S.Ct. at 475. Thus, legislation that allegedly infringes the freedom to travel abroad is not to be judged by the same standard applied to laws that penalize the right of interstate travel. *Id.* at 176–77, 99 S.Ct. at 474–75.